# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

---

**DANIEL KARL WORTMAN,**

    **Plaintiff,**

  v.              Case No. 18-CV-1407

**RACINE CHIEF OF POLICE,**
**ADRIANNE MOORE, and**
**CHRISTOPHER SCHMALING,**

    **Defendants.**

---

# ORDER

---

Plaintiff Daniel Karl Wortman, who is representing himself, filed a complaint under 42 U.S.C. § 1983, alleging that the defendants violated his constitutional rights. He also filed a motion to proceed without prepaying the civil case filing fee under 28 U.S.C. § 1915 and a motion for an extension of time to pay the initial partial filing fee. This decision resolves Wortman's motions and screen his complaint.

*1. Motion for Leave to Proceed without Prepaying the Filing Fee*

The Prison Litigation Reform Act applies to this case because Wortman was incarcerated when he filed his complaint. 28 U.S.C. § 1915. That law allows a court to give an incarcerated plaintiff the opportunity to proceed with his case without prepaying the

civil case filing fee as long as he meets certain conditions. One of those conditions is that the plaintiff pay an initial partial filing fee. 28 U.S.C. § 1915(b). Once the plaintiff pays the initial partial filing fee, the court may allow him to pay the balance of the $350 filing fee over time, through deductions from his prisoner account. *Id.*

On September 13, 2018, the court ordered Wortman to pay an initial partial filing fee of $39.81 by October 2, 2018. Wortman filed a motion about a week after the deadline, asking the court to extend the deadline; he paid the fee a few days later. Accordingly, the court will grant his motion for an extension of time and his motion to proceed without prepaying the filing fee. He must pay the remainder of the filing fee over time in the manner explained at the end of this order.

Wortman explains that he may ask his sister to pay the remainder of the filing fee ($310.19) to avoid monthly deductions from his prisoner account. He asks where his sister should mail the payment. She may mail a check payable to "Clerk U.S. District Court" to United States District Court, Eastern District of Wisconsin, Attn: Clerk of Court, 517 E. Wisconsin Ave. Rm. 362, Milwaukee, Wisconsin 53202. She should take care to clearly label the payment with the case name and number.

2. *Screening the Complaint*

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has

raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b).

To state a cognizable claim under the federal notice pleading system, a plaintiff is required to provide a "short and plain statement of the claim showing that [he] is entitled to relief[.]" Fed. R. Civ. P. 8(a)(2). To state a claim for relief under 42 U.S.C. § 1983, a plaintiff must allege that: 1) he was deprived of a right secured by the Constitution or laws of the United States; and 2) the deprivation was visited upon him by a person or persons acting under color of state law. *Buchanan-Moore v. County of Milwaukee*, 570 F.3d 824, 827 (7th Cir. 2009) (citing *Kramer v. Village of North Fond du Lac*, 384 F.3d 856, 861 (7th Cir. 2004)); *see also Gomez v. Toledo*, 446 U.S. 635, 640 (1980).

Additionally, under the controlling principle of Federal Rule of Civil Procedure 18(a), "[u]nrelated claims against different defendants belong in different suits" so as to prevent prisoners from dodging the fee payment or three strikes provisions in the PLRA. *George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007). "A party asserting a claim, counterclaim, crossclaim, or third-party claim may join, as independent or alternate claims, as many claims as it has against an opposing party." Fed. R. Civ. P. 18(a). Under this rule, "multiple claims against a single party are fine, but Claim A against Defendant 1 should not be joined with unrelated Claim B against Defendant 2." *George*, 507 F.3d at 607. Moreover, joinder of multiple defendants into one case is proper only if "any right to

3

relief is asserted against them jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences; and any question of law or fact common to all defendants will arise in the action." Fed. R. Civ. P. 20(a)(2).

Wortman's complaint violates Fed. R. Civ. Pro. 18 and 20 because it advances unrelated claims against different sets of defendants. Specifically, Wortman alleges that, on November 9, 2015, the Racine Police Department executed a no-knock search warrant at his home. He asserts that the search violated the rights of two disabled individuals who posed no threat to the officers. It is not clear whether Wortman is one of those individuals. The court will refer to these allegations as Lawsuit #1.

He next alleges that, during his incarceration at the Racine County Jail from June 7, 2016, through September 17, 2017, the public defender's office had only one agenda: for Wortman to take a plea. He also asserts that the public defender's office failed to comprehend that his case did not belong in the local court system but belonged in the Court of Justice in the Hague. The court will refer to these allegations as Lawsuit #2.

Finally, Wortman alleges that, while he was incarcerated at the Racine County Jail, he suffered from multiple forms of abuse. He explains that officers allowed inmates to abuse him, that he was forced to go more than a month without deodorant, soap or shampoo, and that doctors and nurses ignored his complaints of abuse and failed to

adequately treat his serious medical conditions. The court will refer to these allegations as Lawsuit #3.

Under Rules 18 and 20, Wortman cannot join Lawsuits #1, 2, and 3 in a single case. The three lawsuits do not have defendants or questions of law and fact in common. That does not mean that Wortman may not pursue the three Lawsuits; it means only that he must pursue them in separate cases and pay a separate filing fee for each case.

Because Wortman may not proceed on the original complaint, the court will allow him to file an amended complaint. As Wortman decides how he would like to proceed, the court reminds him that, under § 1983, only those individuals who are personally responsible for a constitutional violation will be held liable. *Vance v. Peters*, 97 F.3d 987, 991 (7th Cir. 1996). Because there is no vicarious or supervisory liability, supervisors will not be liable for the alleged misconduct of their subordinates, employers will not be liable for the alleged misconduct of their employees, and employees will not be liable for the alleged misconduct of their co-workers. *See Pacelli v. deVito*, 972 F.2d 871, 877 (7th Cir. 1992). Accordingly, Wortman must identify in the caption of his amended complaint and in his allegations only those individuals who were personally involved in allegedly violating his constitutional rights. If Wortman does not know the name of an individual, he may use a John or Jane Doe placeholder. If, after screening his amended complaint, the court allows Wortman to proceed with a claim against a Doe defendant, he will have the opportunity to use discovery to learn the name of the Doe.

Also, to state a claim a plaintiff must provide a "short and plain statement of the claim showing that [he] is entitled to relief[.]" Fed. R. Civ. P. 8(a)(2). While he need only "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests," a complaint that offers mere "labels and conclusions" or a "formulaic recitation of the elements of a cause of action will not do." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)); *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 555). In other words, legal conclusions such as "they abused me" will be insufficient to state a claim. Wortman should allege enough facts to answer the basic questions of who, what, where, when, and how so that the court can reasonably infer that the defendants did what he concludes they did.

The court will provide Wortman with a blank prisoner complaint form; he must use this form if he wants to file an amended complaint. If Wortman chooses to file an amended complaint, he must do so by **November 19, 2018**. If he does not want to proceed with this case, he does not have to take any further action. If he does not file an amended complaint by the deadline (or explain to the court why he is unable to do so), the court will conclude that he no longer wishes to proceed with this case, and it will dismiss the case without prejudice.

## ORDER

The court **GRANTS** Wortman's motion for an extension of time to pay the filing fee (ECF No. 10).

The court **GRANTS** Wortman's motion for leave to proceed without prepayment of the filing fee (ECF No. 2).

The court **ORDERS** that, if Wortman wants to pursue this case, he must file an amended complaint that complies with the instructions in this decision by **November 19, 2018**. If Wortman no longer wishes to pursue this case, he does not need to take any further action. If Wortman does not file an amended complaint by the deadline (or explain to the court why he is unable to do so), the court will conclude that he no longer wishes to pursue this case, and the court will dismiss this case without prejudice.

The clerk's office will include a blank prisoner complaint form along with this order.

The court **ORDERS** that the agency having custody of Wortman shall collect from his institution trust account the $310.19 balance of the filing fee by collecting monthly payments from his prison trust account in an amount equal to 20% of the preceding month's income credited to his trust account and forwarding payments to the clerk of court each time the amount in the account exceeds $10 in accordance with 28 U.S.C. §1915(b)(2). The agency shall clearly identify the payments by the case name and number. If Wortman transfers to another county, state, or federal institution, the transferring

institution shall forward a copy of this order, along with Wortman's remaining balance, to the receiving institution.

The court will send a copy of this order to the officer in charge of the agency where Wortman is confined.

The court **ORDERS** that Wortman shall submit all correspondence and legal material to:

>Office of the Clerk
>United States District Court
>Eastern District of Wisconsin
>362 United States Courthouse
>517 E. Wisconsin Avenue
>Milwaukee, Wisconsin 53202

PLEASE DO NOT MAIL ANYTHING DIRECTLY TO THE JUDGE'S CHAMBERS. It will only delay the processing of the case.

The court advises Wortman that, if he fails to file documents or take other required actions by the deadlines the court sets, the court may dismiss the case based on his failure to prosecute. The parties must notify the clerk of court of any change of address. Failure to do so could result in orders or other information not being timely delivered, thus affecting the legal rights of the parties.

Dated in Milwaukee, Wisconsin this 23rd day of October, 2018.

_William E. Duffin_
WILLIAM E. DUFFIN
U.S. Magistrate Judge