# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF WISCONSIN

DANIEL KARL WORTMAN,

                **Plaintiff,**

      **v.**                                   **Case No. 18-CV-1407**

CHRISTOPHER SCHMALING, *et al.*,

                **Defendants.**

## ORDER

Plaintiff Daniel Karl Wortman, who is representing himself, filed a complaint under 42 U.S.C. § 1983. The Prison Litigation Reform Act applies to this case because Wortman was incarcerated when he filed his complaint. 28 U.S.C. § 1915. That law requires courts to screen prisoner-plaintiff complaints to identify whether they state claims upon which the court can grant relief. On October 23, 2018, the court screened Wortman's complaint and found that it violated Rules 18 and 20 of the Federal Rules of Civil Procedure. The court gave Wortman the opportunity to file an amended complaint, which he did on November 20, 2018. This decision screens the amended complaint.

In the order screening Wortman's original complaint, the court explained that, under the controlling principle of Federal Rule of Civil Procedure 18(a), "[u]nrelated

claims against different defendants belong in different suits." (ECF No. 11 at 3-4 (quoting

*George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007).) The court further explained that, under

Rule 20, Wortman could sue multiple defendants only if all of his claims against those

defendants arose out of the same circumstances and only if the questions of law or fact in

the case would apply to all of the defendants. (*Id.*)

In his amended complaint, Wortman sues medical staff at the Racine County Jail

based on his allegations that they failed to provide adequate treatment for a shoulder

injury, a leg injury, his allergies, and blood in his urine. He also sues the jail chaplain for

failing to provide him with requested books, ignoring his requests, and preventing his

pastor from visiting him. He also sues guards for unprofessional acts, safety violations,

and allowing inmates to engage in misconduct. He also sues inmates for mistreating him.

Finally, he sues Aramark and the jail maintenance department.

As was the case with his original complaint, Wortman's amended complaint

violates Rules 18 and 20 because it includes unrelated claims against different sets of

defendants. Wortman tries to justify the violation of Rules 18 and 20 by explaining that

his rights were not violated by isolated people performing isolated acts of misconduct.

Instead, his rights were violated by the cumulative effect of mistreatment by everyone at

the jail. (*See* ECF No. 14 at 5.) He likens his situation to a hostile work environment, where

a court must look beyond isolated incidents and consider the cumulative effect of

incidents.

Under § 1983, a defendant must have been personally involved in the alleged violation in order to be liable. *See Colbert v. City of Chicago*, 851 F.3d 649, 657 (7th Cir. 2017). There is no vicarious liability under § 1983. In other words, medical staff will not be liable for a guard's act of misconduct, and a guard will not be liable for the chaplain's act of misconduct unless those individuals' misconduct arose from the same event or occurrence. The mere fact that the alleged misconduct happened at the jail or around the same time is not sufficient for the court to find that Wortman's claims are related. Again, Rules 18 and 20 do not prevent Wortman from pursuing unrelated claims; they merely require that he pursue them in separate lawsuits. The court reminds Wortman that he must pay a filing fee for every lawsuit he files.

The court will give Wortman one final chance to file a complaint that complies with Rules 18 and 20. If he files a second amended complaint that contains unrelated claims against different sets of defendants, the court will dismiss his case based on his failure to follow the court's order.

Finally, the court reminds Wortman that he must include enough information in his second amended complaint to put each defendant on notice of what he or she or it did to violate his rights and to allow the court to infer that the defendants did what he concludes they did. Wortman's amended complaint contains several legal conclusions (for example, he alleges medical staff mishandled his treatment) but contains almost no facts to support those legal conclusions (for example, Did they ignore him? Did they deny

him medication? Did they persist with treatment that he told them was not working?). Wortman should ensure that his second amended complaint addresses the basic questions of who, what, when, where, and, especially, *how* his constitutional rights were violated. The court will provide Wortman with another blank prisoner complaint form; he must use this form if he wants to file a second amended complaint.

## ORDER

The court **ORDERS** that, if Wortman wants to pursue this case, he must file a second amended complaint that complies with the instructions in this decision by **December 28, 2018**. If Wortman no longer wishes to pursue this case, he does not need to take any further action. If Wortman does not file a second amended complaint that complies with the instructions in this decision by the deadline (or explain to the court why he is unable to do so), the court will dismiss this case without prejudice.

The clerk's office will include a blank prisoner complaint form along with this order.

Dated at Milwaukee, Wisconsin this 30th day of November, 2018.

WILLIAM E. DUFFIN
U.S. Magistrate Judge