UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

DANIEL KARL WORTMAN,

           Plaintiff,

v.                                                    Case No. 18-cv-1407-pp

RACINE POLICE DEPARTMENT,
STATE PUBLIC DEFENDER OFFICE, and
RACINE COUNTY JAIL,

           Defendants.

## ORDER DISMISSING CASE WITHOUT PREJUDICE

This case was originally assigned to U.S. Magistrate Judge William Duffin. On October 23, 2018, Judge Duffin issued an order screening the complaint; he explained to the plaintiff why the complaint violated Federal Rules of Civil Procedure 18 and 20 (it alleged three, unrelated claims against different sets of defendants). Dkt. No. 11. Judge Duffin gave the plaintiff the a deadline of November 19, 2018 by which to file an amended complaint; he also explained to the plaintiff exactly what he needed to do to file a complaint that would comply with the federal rules. Id. Dkt. No. 14.

On November 2, 2018, the clerk's office received a "response" to Judge Duffin's order. Dkt. No. 12. The plaintiff "contested" that the claims in his complaint were unrelated, and argued that there were forty to fifty other "plaintiffs" (the court believes he meant "defendants") in the case. He instructed the clerk's office to respond to him on these issues by November 10, 2018, or to appoint him a lawyer or extend the deadline for him to file his amended

1

complaint. Id. Judge Duffin responded with an order reiterating that if the plaintiff wanted to proceed with his case, he had to file an amended complaint that complied with Rules 18 and 20; Judge Duffin also denied the plaintiff's request to appoint counsel (in part because he had not complied with the Seventh Circuit Court of Appeals' requirement that he make a reasonable effort to hire a lawyer on his own), but granted him additional time to file his amended complaint. Dkt. No. 13.

The court received the amended complaint November 20, 2018. Dkt. No. 14. That same day, the clerk's office received a letter from the plaintiff, claiming that the court had not responded to his November 2, 2018 response. Dkt. No. 16. Six days later, the court received another document from the plaintiff, in which he said that if the court wanted to know the names of the attorneys he'd tried to retain, the court could contact his sister and ask her. Dkt. No. 16.

On November 30, 2018, Judge Duffin issued an order screening the amended complaint, explaining that it, too, violated Rules 18 and 20. Dkt. No. 17. Judge Duffin gave the plaintiff a final opportunity to file a complaint that complied with his orders; his order again laid out the relevant legal principles and procedural rules. Id. The court received the second amended complaint on December 27, 2018. Dkt. No. 19.

Because the defendants have not yet had the opportunity to consent to Judge Duffin making final decisions, the clerk's office referred the case to this district judge to determine whether the second amended complaint complied with the rules and stated a claim upon which a federal court could grant relief.

2

In the amended complaint, the plaintiff has sued the Racine Police Department in connection with a search that police officers executed at his home on November 9, 2015. Dkt. No. 19 at 3. He has sued the State Public Defender's Office in connection with the legal representation he received from three public defenders. Id. at 4. He has sued the Racine County Jail in connection with the medical care and conditions of confinement he allegedly endured while incarcerated there. Id. at 4, 2.

These are essentially the same claims the plaintiff brought in his original complaint. The original complaint sued the chief of the Racine Police Department in relation to the search of his home on November 9, 2015, dkt. no. 1 at 3, a state public defendant for representation provided to him between June 2016 and September 2017, dkt. no. 1 at 4, and the Racine County Jail for alleged mistreatment he suffered while he was incarcerated there, id. In his October 23 screening order, Judge Duffin explained to the plaintiff that, under Rules 18 and 20, he could not pursue these three claims in the same case because they did not involve the same defendants or the same questions of law or fact. Judge Duffin told the plaintiff that, if he wanted to pursue all three claims against all three defendants, he had to do so in three separate cases. Judge Duffin instructed the plaintiff to choose which related claims he wanted to pursue in this case, and to file an amended complaint with only those claims.

The plaintiff filed the amended complaint, and this time, he named only people who had worked at the Racine County Jail (leaving out the police

3

officers and the public defenders). Dkt. No. 14. But although everyone the plaintiff sued was a County Jail employee, he sued different people for different reasons—he sued the medical staff for allegedly inadequate medical care, the chaplain for failing to give him books and preventing pastoral visits, guards for various safety violations and misconduct, other inmates, the food service and the jail maintenance department. Dkt. No. 17 at 2. Again, Judge Duffin explained to the plaintiff that the rules required him to sue related defendants or defendants engaged in the same course of conduct. <u>Id.</u> at 3. Judge Duffin gave the plaintiff a third opportunity to file a complaint that complied with the rules, and with Judge Duffin's orders. He cautioned the plaintiff that if he filed "a second amended complaint that contains unrelated claims against different sets of defendants, the court will dismiss his case based on his failure to follow the court's order." <u>Id.</u> at 3.

The second amended complaint violates Rules 18 and 20 in the same way that the original complaint violated those rules; it sues unrelated defendants on unrelated claims. It sues police officers for an allegedly unconstitutional search. It sues a public defender for alleged ineffective representation in court. It sues jail staff for alleged mistreatment and abuse while the plaintiff was in custody. It is possible (although the court does not know) that the plaintiff considers these defendants to be related because the allegedly unconstitutional search is what to his incarceration in the jail, and to the necessity for him to be represented by a public defender. But that does not make these defendants related, and his allegations against them do not arise

4

out of the same course of conduct. He can, if he chooses to, file a lawsuit against the police officers who he says unconstitutionally searched his home. He could name as defendants in that lawsuit as many of the officers who were involved in the search as he believes violated his right to be free from unreasonable searches and seizures. He may, if he chooses to, file a lawsuit against as many of the public defenders who represented him in a single case as he believes provided him with ineffective assistance of counsel in violation of the Sixth Amendment. And he may, if he chooses to, file a lawsuit against any guards or corrections officers who mistreated him during his incarceration at the jail. But he cannot file all three of those claims against all three of those defendants *in the same lawsuit*.

Judge Duffin also advised the plaintiff that "under § 1983, only those individuals who are personally responsible for a constitutional violation will be held liable." Dkt. No. 11 at 5. Judge Duffin explained in both of his screening orders that there is no vicarious or supervisory liability under §1983. Id.; Dkt. No. 17 at 3. He told the plaintiff that "supervisors will not be held liable for the alleged misconduct of their subordinates, employers will not be liable for the alleged misconduct of their employees, and employees will not be liable for the alleged misconduct of their co-workers." Dkt. No. 11 at 5. Judge Duffin instructed the plaintiff to identify as defendants "only those individuals who were personally involved in allegedly violating his constitutional rights." Id. Judge Duffin gave the plaintiff the option of using John Doe placeholders if he

did not know the names of the people who were personally involved in violating his constitutional rights.

Despite these instructions, the plaintiff opened his second amended complaint with the following notice:

> In my letter dated December 10, 2018, the court was told of my intent NOT to sue any person or group of persons. My intent is to sue the above three defendants or employers. What ties all three of the employers together is they are responsible for the actions of their employees. It is under the law where an employer can be held responsible for the actions of their employees that this suit is filed.

Dkt. No 19 at 3.

The law that the plaintiff speaks of—the law where an employer can be held responsible for the actions of his or her employees—does not apply in civil rights cases. The Supreme Court has made that clear, as has the Seventh Circuit Court of Appeals; this court must follow the rulings of those two courts. This is what Judge Duffin explained to the plaintiff in the screening orders. The court cannot allow the plaintiff to proceed on a theory that the employers he has sued are responsible for the actions of their employees, because that law does not apply when a plaintiff sues state actors for violating his constitutional rights.

The plaintiff has had three opportunities to file a complaint; he has had two opportunities to file a complaint that complies with the rules and the law that Judge Duffin laid out. He has not been able to do so. Judge Duffin told the plaintiff in his last screening order that if the plaintiff's second amended complaint did not comply with the rules and the law, the court would dismiss the case. That is what the court will do. The court notes that it is dismissing

6

the plaintiff's case without prejudice. This means that if he still wishes to proceed with these claims, he can file new cases (although he will have to either pay the filing fee for the new cases, or file applications asking the court to allow him to proceed without prepaying the filing fees). Any new case he files will be governed by the same rules and law that this court discusses in this order, and that Judge Duffin discussed in his earlier orders.

The court **ORDERS** that this case is **DISMISSED without prejudice** because the complaint does not comply with Fed. R. Civ. P. 18 and 20, because it does not state claims against defendants who were personally involved in the denial of the plaintiff's constitutional rights and because the plaintiff did not comply with Judge Duffin's orders.

Dated in Milwaukee, Wisconsin, this 17th day of January, 2019.

**BY THE COURT:**

**HON. PAMELA PEPPER
United States District Judge**